# Harrison *v.* The State.

### *Indictment for Larceny.*

1. *Caption of indictment; description of court.*—It is not a valid objection to an indictment, which is shown by the record to have been found by a grand jury at a regular term of the "City Court of Selma," that the words "City Court" only, instead of "City Court of Selma," are inserted in its caption.

2. *Contradictory exculpating declarations.*—Contradictory declarations, made by the defendant to different persons, apparently with the view of exculpating himself, and accounting for his possession of stolen property, are not governed, as to their admissibility, by the rules which apply to confessions.

3. *Disqualification of witness on ground of infamy.*—At common law, a person was rendered incompetent to testify as a witness, by a conviction and sentence for arson; but, if the common-law rule prevails here, a person is not brought within it, who is only shown to have been convicted of the statutory offense of "arson in the third degree" (Rev. Code, § 3699), which might not be arson at common law.

FROM the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

The indictment in this case, which charged the defendant

with the larceny of a hog, the personal property of Alex. H. Averett, is shown by the record to have been found by a grand jury, regularly impannelled, at a regular term of the City Court of Selma; but it was entitled thus: "State of Alabama, Dallas county; *City Court*, January term, 1877." The defendant demurred to the indictment, "on the ground that it does not sufficiently set forth the name of the court, in this: that it styles the court 'City Court,' when the true name of the court is 'City Court of Selma.'" The court overruled the demurrer, and the defendant then pleaded not guilty.

"On the trial," as the bill of exceptions states, "Alex. H. Averett was introduced as a witness by the State, and testified, that he was the owner of a sow and pigs, which were on his plantation in said county last fall; that the defendant resided and worked on said plantation; that in November of last year one of the pigs was missing, but it came back to the plantation a few days afterwards; that it was marked when it came back, though it was not before-it was missed; that Emanuel Overstreet came to his house a few days afterwards, looking for a pig; that he (witness) went with said Overstreet to his lot, and looked at said sow and pigs, including the one so marked; and that the defendant, on the night of the same day, came to his house, and told him ——. The defendant here objected to the witness being allowed to testify as to any confession of the defendant, because no predicate was laid; but the court overruled the objection, and the defendant excepted. Thereupon, in answer to a question propounded by the court, the witness stated, that he made no promise or threat to the defendant, and that what the defendant then said was of his own accord, and without any inducement held out to him. In answer to questions propounded by the solicitor, the witness then proceeded as follows: 'The defendant told me, when he thus called me out of my house, that he sold the pig to said Overstreet for one dollar and a half, that he bought it from Brown Bates, and that he was willing to pay me for it in work;' also, that the defendant was arrested the next day. Emanuel Overstreet was then introduced by the State as a witness, and was asked by the defendant, if he was not the same Emanuel Overstreet who, on a change of venue to this county from Wilcox, was convicted of arson. The court refused to permit said witness to answer this question, and the defendant excepted. Said witness, being then examined, testified, among other things, that he had a conversation with the defendant on the day of the trial before a justice of the peace. The defendant objected to the witness being allowed

to testify to any confession by defendant, because no predicate was laid; but the court overruled the objection, and the defendant excepted; and the witness then testified, that he and the defendant were alone on that occasion, and that the defendant then told him he bought the pig from Sam Molan. Doctor Cobb was also examined as a witness for the prosecution, and then the State rested. Thereupon, the defendant read a minute entry from the records of the Circuit Court of Dallas county, showing that Emanuel Overstreet was convicted of arson in the third degree; and Mr. Satterfield testified, that the Emanuel Overstreet named in said minute entry was the same Emanuel Overstreet who was examined as a witness in this case. Thereupon, the defendant moved the court to exclude from the jury the testimony of said Emanuel Overstreet, on the ground that he was rendered incompetent as a witness by such conviction; which motion the court overruled, and the defendant excepted."

No counsel appeared in this court for the defendant, so far as the docket and the record show.

Jno. W. A. Sanford, Attorney-General, for the State.

MANNING, J.—The objection that the name of the court in which an indictment is found is not set forth at length in the indictment, or in the heading thereof, is not well taken. The previous part of the record, showing the organization of the court, and the impannelling of the grand jury, whose foreman indorses "a true bill," and his name as foreman, on the indictment, "is applicable to, or is a part of every indictment, and need not be inserted therein."—*Perkins v. The State*, 50 Ala. 154, and cases there cited.

2. No grounds are shown for objection to the admission of defendant's statements that were received in evidence. They were not confessions, but rather contradictory declarations, made to different persons, with apparently the view of thereby exculpating, instead of criminating himself.

3. The general rule of the common law, in respect to what will disqualify a person to testify as a witness, on account of infamy, is, that such will be the effect of a conviction and judgment for treason, felony, or any offense belonging to the class generally described as "*crimen falsi.*" What these are, it is not easy in all cases to determine. The common-law offense of *arson*, the malicious and unlawful burning of the house or outhouse of another, was a felony, and would work a disqualification to testify, in a person convicted and sentenced for committing it. But, in the present case, the only

(17)

evidence was, that the person admitted as a witness had been convicted of our statutory offense of "arson in the third decree." How he had committed that crime, was not shown. And according to the statute there are acts of burning, such as the burning of a bridge, or a toll-gate, that would constitute arson in the third degree according to the statute, but not arson at the common law, or an offense that would come under the description, *crimen falsi*. It, therefore, was not shown that the witness was disqualified, if the common law on that subject is in force in this State.

Let the judgment be affirmed.

## *Indictment for Larceny.*

1. *Caption of indictment; description of court.*—It is not a valid objection to an indictment, which is shown by the record to have been found by a grand jury at a regular term of the "City Court of Selma," that the words "City Court" only, instead of "City Court of Selma," are inserted in its caption: these words may be rejected as surplusage.